**BURKE GOLF EQUIPMENT CORPORA-TION, an Illinois corporation,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 58 C 609.**

United States District Court
N. D. Illinois, E. D.

Jan. 24, 1961.

Crowell & Leibman, Chicago, Ill., and Greenebaum, Barnett, Wood & Doll, Louisville, Ky., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendant.

WHAM, District Judge.

There seems to be but two issues in this case which require decisions. The other issues are not in dispute and I shall pass them by without comment.

The issues in controversy relate (1) to whether the interest paid by plaintiff on debenture bonds issued by the corporation was interest paid on a true indebtedness or dividends paid on the equivalent of stock in the corporation,

**616**

and (2) to whether various amounts paid by the plaintiff corporation to various suppliers of needed supplies and services under agreements to make them whole or partly whole for losses suffered by them through the bankruptcy of plaintiff's predecessor corporation on the theory that an uninterrupted supply of essential supplies and services could thus be made more sure, should be properly classified as necessary and ordinary expenses which are deductible from income.

■ After consideration of the pleadings in the light of the evidence and the arguments of counsel I am of the opinion that the plaintiff under applicable law has proved its case as set forth in its complaint as it relates to the interest paid on the debenture bonds and is entitled to recover on that issue but under applicable law has failed to establish its right to recover insofar as the complaint relates to the money paid to the suppliers on contracts to protect them in order to promote better relations with the sources of supply.

In this case, as I view it, the debentures had and were given and were intended to have and be given all of the indicia of a true indebtedness and none of the properties or privileges of common stock. The interest paid on the debentures had all the characteristics of interest and none of dividends unless inferred. The debenture had no provision whereby they could profit or increase in amount of return through the prosperity of the corporation or by the increase in value of the common stock. The owners of the debentures had the right to receive interest semi-annually regardless of profits or losses and had to be paid in full at maturity regardless of whether or not the assets of the corporation were sufficient to pay the general creditors or whether the common stock holders received anything. At maturity the debentures owners were entitled to receive on date of maturity only the face value of the debentures plus accrued interest if any, even though all common and secured creditors had been paid and the common

stock was worth many times its face value.

■ That some two or three years after the debentures were issued the owner of the bonds agreed, though not required to do so, that such bonds might be subordinated to certain special creditors did not change the nature of the debentures from being evidence of an indebtedness nor show an original intent on the part of the offices of the plaintiff that the debentures should be in the nature of common stock or that the interest payments should be in the nature of dividends.

I find for plaintiff and that the evidence sustains the complaint on every issue regarding the debentures and the nature of the interest payments. Plaintiff is entitled to succeed on this phase of the complaint.

I might add that I thought the witnesses for the plaintiff were excellent witnesses and entirely credible. Their direct testimony supported the validity and nature of the bonds as evidence of true indebtedness and nothing in their testimony either on direct or on searching cross-examination gave rise to inference contrary to the good faith of plaintiff or that persuades the court to find that the debenture bonds were other than what they appeared to be.

Though the bond issue was large as related to the actual capitalization of the corporation it was not unreasonably large as compared to the actual value of the assets of the corporation at the time the bonds were issued.

■ The court finds that the amounts paid to certain creditors following bankruptcy to make up in part for their losses on their claims in the bankruptcy, though made for the purpose of assuring continuing receiving of adequate supplies and services from the creditors so paid, were not ordinary and necessary payments within the meaning of the applicable statute. As stated by the United States Supreme Court these expenses may have been necessary within the rea-

sonable judgment of Mr. Schram and the Board of Directors but they were not ordinary expenses. They were more in the nature of capital expenditures. Welch v. Helvering, 290 U.S. 111, 54 S. Ct. 8, 78 L.Ed. 212; D. W. Klein Company v. Commissioner of Internal Revenue, 7 Cir., 123 F.2d 871, at page 877.

Wherefore the complaint has not been sustained as to the amounts so paid and the defendant must prevail.

On the first item plaintiff is entitled to a refund as prayed with interest but plaintiff is not entitled to a refund of second item.

Each party shall pay its own costs.